UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SARA S.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

_____/

Case No. 2:25-cv-52

Hon. Hala J. Jarbou
Chief U.S. District Judge

## **REPORT AND RECOMMENDATION**

This Report and Recommendation addresses Plaintiff's appeal of Administrative Law Judge (ALJ) Arman Rouf's decision denying Plaintiff's request for Supplement Security Income (SSI).  This appeal is brought pursuant to 42 U.S.C. § 405(g).

The record before the Court demonstrates that Plaintiff suffers from several severe medically determinable impairments, including osteoarthritis of the bilateral knees, degenerative disc disease of the lumbar spine, asthma, and obesity. Additionally, Plaintiff also has documented Type 2 diabetes mellitus, hypertension, hyperlipidemia, foot abrasions, anxiety disorder, and depressive disorder.  Plaintiff was 46 years old on her alleged onset date and is currently 49 years old.  Plaintiff has a bachelor's degree in social work.  Her last job was between 2013 and 2014 as a child welfare case advocate.

Plaintiff asserts that the ALJ's formulation of Plaintiff's Residual Functional Capacity (RFC) and decision at Step Three erroneously applies the law.  Plaintiff's

1

primary arguments are: (1) that the ALJ failed to consider Plaintiff's right tibial tendinitis and right third toe tendinitis[1] or capsulitis, (2) that the ALJ's conclusions in steps three and five did not reflect all of Plaintiff's relevant limitations, and (3) that the ALJ failed to consider a closed period of benefits.

In response, the Commissioner asserts that: (1) Plaintiff has failed to show that her right tibial tendinitis and right third toe tendinitis or capsulitis are additional severe medical determinable impairments, (2) Plaintiff has failed to show additional limitations for absenteeism were required, and (3) the record does not support a closed period of disability.

For the reasons stated below, the undersigned respectfully recommends that the Court affirm the ALJ's decision.

## I.    Procedural History

### A.   Key Dates

The ALJ's decision notes that Plaintiff applied for SSI on August 30, 2022, alleging an onset date of August 1, 2022.  ECF No. 3-2, PageID.28.  Plaintiff's claim was initially denied by the Social Security Administration (SSA) on November 27, 2023.  *Id.*  The claim was denied on reconsideration on February 21, 2023.  *Id.*

---

[1] The parties' briefing and the medical records refer to both "tendinitis" and "tendonitis." It appears the condition may be spelled either way. *See* Cleveland Clinic, *Tendonitis* (July 18, 2023), https://my.clevelandclinic.org/health/diseases/10919-tendonitis. Additionally, Plaintiff refers to an evaluation of her conditions by podiatrist Dr. David Wood on February 22, 2022.  Dr. Wood's assessment notes state "posterior tibial tendinitis, right" and "tendinitis or capsulitis of the right 3rd toe." ECF No. 3-7, PageID.408.  Accordingly, the undersigned will refer to the condition as "tendinitis" for consistency.

Plaintiff then requested a hearing before an ALJ.  ALJ Arman Rouf conducted a hearing on Plaintiff's claim on November 27, 2023, and issued his decision on February 9, 2024.  *Id.*, PageID.36.  Plaintiff timely filed this lawsuit on March 28, 2025.  ECF No. 1.

### B.  Summary of ALJ's Decision

The ALJ's decision correctly outlines the five-step sequential process for determining whether an individual is disabled.  ECF No. 3-2, PageID.29-30.

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity (SGA) from August 30, 2022.  *Id.*, PageID.30.

At Step Two, the ALJ found that the Plaintiff had the following severe impairments: osteoarthritis of the bilateral knees, degenerative disc disease of the lumbar spine, asthma, and obesity. *Id.*  In a portion of his decision, the ALJ discussed several non-severe impairments, including Type 2 diabetes mellitus, hypertension, hyperlipidemia, foot abrasions, anxiety disorder, and depressive disorder.  *Id.*, PageID.30.  The ALJ also discussed the Paragraph B criteria.  The ALJ found that Plaintiff had no limitations understanding, remembering or applying information; no limitations interacting with others; no more than mild limitation concentrating, persisting, or maintaining pace; and no limitations in adapting or managing oneself. *Id.*, PageID.31.

At Step Three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one or more of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.*,

PageID.31-32.  The ALJ specifically commented on the impairments set forth in listings 1.15, 1.16 and 1.18.  *Id.*, PageID.32.  The ALJ determined that Plaintiff's lumbar spine disorder and osteoarthritis of the bilateral knees did not satisfy the functional criteria in the listings.  *Id.*  Additionally, the ALJ concluded that Plaintiff's COPD did not meet the criteria in listing 3.03.  *Id.*

Before going on to Step Four, the ALJ found that the Plaintiff had the following RFC:

> to perform sedentary work as defined in 20 CFR 416.967(a) except they can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. They can never climb ladders, ropes, or scaffolds. They can occasionally push, pull, or operate foot controls with the bilateral lower extremities. They must avoid exposure to unprotected heights and dangerous moving machinery. They must avoid exposure to extreme heat or cold. They can tolerate occasional exposure to vibration, humidity, dust, odors, fumes, and other pulmonary irritants

*Id.*

The ALJ devoted two and a half pages to discussing Plaintiff's RFC.  This discussion included the following:

- a summary of the regulations regarding how the ALJ will address Plaintiff's symptoms, *id.*,

- a summary of Plaintiff's statements, *id.*, PageID.33,

- a summary of the medical records relating to treatment for Plaintiff's low back and right lower extremity pain, including a laminectomy with bilateral foraminotomies surgery on December 23, 2022, *id.*,

- a summary of the opinion by Michelle Manley, D.O., who found Plaintiff could stand and walk for up to two hours in an eight-hour day and could

4

perform postural activities occasions with restrictions.  *Id.*, PageID.34. Ashok Sachdev, M.D. affirmed Dr. Manley's assessment.  *Id.*

- a prior ALJ decision dated January 21, 2021, which ALJ Rouf did not find persuasive because there was new and material medical evidence, relevant work, and work experience since the prior decision, *id.*, and

- an explanation of how the ALJ arrived at his decision on the Plaintiff's RFC, *id.*, PageID.34-35.

At Step Four, the ALJ concluded that the Plaintiff was unable to perform Past Relevant Work (PRW).  *Id.*, PageID.35.

At Step Five, the ALJ considered Plaintiff's age, education, work experience and RFC and concluded that other jobs existed in the national economy that Plaintiff could perform.  *Id.*

## II.    Standard of Review

Review of an ALJ's decision is limited to two issues: (1) "whether the ALJ applied the correct legal standards," and (2) "whether the findings of the ALJ are supported by substantial evidence."  *Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 420 (6th Cir. 2014) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)); 42 U.S.C. § 405(g).  The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and the

Commissioner's findings are conclusive provided they are supported by substantial evidence.  42 U.S.C. § 405(g).

Substantial evidence is defined as more than a mere scintilla of evidence but "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991).  In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and whatever evidence in the record fairly detracts from its weight.  *Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984) (citations omitted).  The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted).   This standard affords the administrative decision maker considerable latitude and acknowledges that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).

### III.    Analysis

#### A. Additional Medically Determinable Impairments

Plaintiff argues that the ALJ failed to consider her right tibial tendinitis and right third toe tendinitis/capsulitis among Plaintiff's medically determinable impairments.  ECF No. 12, PageID.1088.  The Commissioner responds that it is unclear whether Plaintiff's leg and toe tendinitis were separate impairments, that the ALJ fully accounted for Plaintiff's leg impairments, and that neither Plaintiff's

leg nor toe tendinitis satisfied the 12-month durational requirement.  ECF No. 14, PageID.1106.

Pursuant to 20 C.F.R. § 404.1529(a), an ALJ compares a claimant's self-reported symptoms to the objective medical evidence.  ALJ Rouf considered claimant's report of low back and right lower extremity pain.  ECF No. 3-2, PageID.33.  Next, ALJ Rouf noted the results of claimant's January 2022 MRI that revealed degenerative disc disease at L4-5 and L5-S1, with moderate canal stenosis and mild foraminal narrowing at L4-5 and facet arthropathy at both levels.  *Id.*  ALJ Rouf determined that after the claimant underwent L4-5 laminectomy with bilateral foraminotomies on December 23, 2022, her condition improved.  *Id.*  In fact, the ALJ noted that by August 2023, the claimant reported walking 10-15 minutes twice per day.  *Id.*

Plaintiff faults the ALJ for not explicitly acknowledging her right tibial tendinitis and right third toe tendinitis/capsulitis.  However, ALJ Rouf explained that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" in his determination of Plaintiff's residual functional capacity.  ECF No. 3-3, PageID.79.

The Sixth Circuit has explained that "we don't require an ALJ to discuss every piece of evidence in the record."  *Showalter v. Kijakazi*, 2023 U.S. App. Lexis 6245, 2023 WL 2523304 at *10 (6th Cir. March 15, 2023) (citation omitted).  Instead, the Court must "determine whether there is substantial evidence in the record to support th[e] conclusion."  *Id.* (internal quotation marks omitted).

Here, ALJ Rouf sufficiently considered Plaintiff's lower extremity impairments in his determination.  ECF No. 3-2, PageID.33 (commenting on claimant's low back pain, lower extremity pain, and chronic right knee pain).  Accordingly, in the opinion of the undersigned, ALJ Rouf's decision was supported by substantial evidence on the record and any failure to mention Plaintiff's right tibial tendinitis and right third toe tendinitis/capsulitis does not rise to reversible error.

### B.  Twelve-Month Durational Requirement

Even if the ALJ errored in not considering Plaintiff's right tibial tendinitis and right third toe tendinitis/capsulitis, the impairments did not satisfy the 12-month durational requirement.  At Step II, the ALJ determines whether a claimant's impairments are severe and whether each impairment meets the durational requirement.  The durational requirement states, "[u]nless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least twelve months."  20 C.F.R. § 404.1509.  If a claimant does not have a severe medically determinable impairment or combination of impairments that meet the durational requirement, the ALJ will find the claimant is not disabled.  20 C.F.R. § 404.1520(a).

Here, Plaintiff cites to her medical records that first identify complaints of pain in the third toe on February 3, 2022.  ECF No. 3-7, PageID.408.  On October 11, 2022, Plaintiff's medical records note "bilateral lower extremity edema."  *Id.*, PageID.581. This is the last treatment record pertaining to Plaintiff's right tibial tendinitis and right third toe tendinitis/capsulitis.  Plaintiff does not refute this nine-month

durational calculation in her response.  ECF No. 15, PageID. 1120.  Instead, Plaintiff argues that, regardless of the duration, the ALJ is required to consider the combined effects of all medically determinable impairments.  *Id.*

As set forth above, in the opinion of the undersigned, the ALJ's decision was supported by substantial evidence on the record, and he adequately considered Plaintiff's lower extremity impairments.  Nevertheless, even if the ALJ failed to account for Plaintiff's right tibial tendinitis and right third toe tendinitis/capsulitis, the record supports that these conditions lasted only nine months.  Accordingly, the impairments do not meet the twelve-month durational requirements and would not be considered among Plaintiff's severe medically determinable impairments to change the ALJ's RFC conclusions.  Thus, in the opinion of the undersigned, the ALJ's failure to consider Plaintiff's right tibial tendinitis and right third toe tendinitis/capsulitis constitutes at most harmless error.

### C. Absenteeism

Additionally, Plaintiff argues that the ALJ errored at Steps Three and Five by not reflecting Plaintiff's absenteeism limitations in the RFC.  ECF No. 12, PageID. 1093.  In response, the Commissioner asserts that Plaintiff's absenteeism allegations are speculative.  ECF No. 14, PageID.1109.

The Social Security regulations state that an RFC must be based on relevant evidence in the record, including "treatment, other than medication, an individual receives or has received for relief of pain or other symptoms." 20 C.F.R. § 416.929(c)(3)(v).

Plaintiff argues that her relevant medical history shows numerous appointments each month for her severe medically determinable impairments.  ECF No. 12, PageID.1094-95.  Plaintiff asserts that these frequent appointments each month indicate that she will be absent from work frequently.  ECF No. 12, PageID.1094.  However, Plaintiff does not provide any evidence that these appointments could not be scheduled for times outside of the workday.  *See Pryor v. Commissioner of Social Security*, 2015 WL 12683977 at *7 (E.D. Mich. Aug. 21, 2015), *report and recommendation adopted*, 2015 WL 6735336 ("Pryor has not established any reason to think that he is unable to attend physical therapy sessions after work, on the weekends, during lunch, or on some other schedule. The claimant is tasked with providing evidence in support of his alleged disability.")

In the opinion of the undersigned, Plaintiff has not established that ALJ Rouf errored by failing to include a limitation regarding absenteeism.

## D. Closed Period of Benefits

Next, Plaintiff argues that the ALJ erred in failing to consider a closed period of benefits.  ECF No. 12, PageID.1095-96.  Plaintiff underwent back surgery on December 23, 2022.  ECF No. 3-8, PageID.823.  ALJ Rouf noted that "[s]ubsequent to surgery, the claimant reported significant improvement in her pain with improvement in mobility. As of June 2023, the claimant reported being able to get out and exercise more, walking half a mile two to three times per week."  ECF No. 3-2, PageID.33.  Plaintiff argues that ALJ Rouf erred by not considering Plaintiff's condition prior to surgery as a closed period of benefits.  ECF No.  1095-96.

10

In response, the Commissioner asserts that Plaintiff's back surgery required a two-day hospital stay and did not result in greater limitations. ECF No. 14, PageID.1111. Furthermore, the Commissioner argues that the ALJ specifically considered Plaintiff's back surgery and the ALJ's finding fully accounts for Plaintiff's back limitations throughout the entire relevant period. *Id.*

In *Myers v. Richardson*, the Sixth Circuit held that while "[t]he Act itself does not provide for a closed period of benefits . . . we think it clear that such a closed period of benefits may be awarded." *Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972). Accordingly, "an individual who satisfies the durational requirement of the Act may be entitled to benefits from the time his disability commences until such time as the disability ceases." *Lang v. Sec'y of Health and Human Services*, 875 F.2d 865 (6th Cir. 1989).

Here, ALJ Rouf's analysis spans the entire relevant period before and after Plaintiff's back surgery. ECF No. 3-2, PageID.33. Considering Plaintiff's impairments, ALJ Rouf concluded that Plaintiff's RFC was limited to sedentary work. *Id.*, PageID.32. In the opinion of the undersigned, the record supports that ALJ Rouf's decision was supported by substantial evidence. ALJ Rouf did not conclude that Plaintiff's impairments were disabling at any point in the relevant period. Accordingly, the record does not support that ALJ Rouf errored in not considering a closed period of disability.

11

### E.  Opinions of State Agency Medical Consultants

Finally, Plaintiff argues that ALJ Rouf erred by not providing the necessary articulation of the supportability and consistency factors in evaluating the state agency medical consultants' opinions.  ECF No. 12, PageID.1097.

The ALJ evaluated the medical opinions pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. Under that regulation, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. §§ 404.1520c(a) and 416.920c(a). Instead, an ALJ will articulate his or her determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." 20 C.F.R. §§ 404.1520c(b)(1) and 416.920c(b)(1). Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1520c(c)(1)-(5) and 416.920c(c)(1)-(5).  In general, the ALJ must explain his or her consideration of the supportability and consistency factors but the ALJ is not required to explain how the remaining factors were considered. 20 C.F.R. §§ 404.1520c(b)(2) and (3) and 416.920c(b)(2) and (3). The regulations explain "supportability" and "consistency" as follows:

> (1) Supportability. The more relevant the objective medical evidence and
>
> supporting explanations presented by a medical source are to support
>
> his or her medical opinion(s) or prior administrative medical finding(s),

12

the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2) and 416.920c(c)(1)-(2).

Here, ALJ Rouf stated the following regarding state agency medical consultants' opinions:

> State medical consultant Michelle Manley, D.O., found that the claimant had retained the ability to perform work at the light exertional level, except that she could stand and walk for up to two hours in an eight-hour day; she could perform postural activities occasionally except she could not climb ladders, ropes, or scaffolds; she had to avoid concentrated exposure to extreme cold or heat and vibrations; and she had to avoid all exposure to hazards (Exhibit B2A). Ashok Sachdev, M.D., subsequently affirmed this assessment (Exhibit B4A). The undersigned finds this partially persuasive with regard to the postural and environmental restrictions; however, the combination of degenerative disc disease, degenerative joint disease of the knee, asthma, and obesity warrant additional limitation to sedentary work.

> In sum, the claimant's overall course of treatment, medications, objective medical findings, daily activities and the evidence as a whole supports the residual functional capacity and does not support allegations of disability.

ECF No. 3-2, PageID.34.  ALJ Rouf found the opinions "partially persuasive" and subsequently added further restrictions to Plaintiff's RFC.[2]  *Id.*

While ALJ Rouf did not directly articulate "supportability" and "consistency," in the opinion of the undersigned, substantial evidence supports ALJ Rouf's evaluation of the medical opinions.  *See Hardy v. Comm'r of Soc. Sec. Admin.*, No. 2:20-cv-4097, 2021 WL 4059310 at *4 (S.D. Ohio Sept. 7, 2021) ("The ALJ's decision substantially complied with the requirements of § 404.1520c, and her failure to specifically use the terms "supportability" and "consistency" in her analysis, even if error, was harmless.")  Accordingly, Plaintiff has failed to establish that ALJ Rouf errored in his evaluation of the state medical consultants' opinions.

## IV.    Conclusion

For the reasons stated above, in the opinion of the undersigned, the ALJ applied the correct legal standard, and substantial evidence supports the ALJ's decision in this case.  Accordingly, the undersigned respectfully recommends that the Court affirm the ALJ's decision.

Dated:  May 11, 2026                                    /s/ *Maarten Vermaat*
                                                          MAARTEN VERMAAT
                                                          U.S. MAGISTRATE JUDGE

<u>**NOTICE TO PARTIES**</u>

Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

---

[2]    ALJ Rouf also noted that Plaintiff was previously denied benefits on January 21, 2021.  ALJ Rouf did not adopt the prior ALJ's decision because Plaintiff presented "new and material" medical evidence.